UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA


JEREMY JONES                                      CIVIL ACTION

VERSUS                                            NO: 10-213

BURL CAIN, WARDEN                                 SECTION: R(1)


                              **ORDER**

     Before the Court are Jeremy Jones's Petition for a Writ of Habeas Corpus,[1] his motion to stay these proceedings until his state claims are fully exhausted,[2] and his objections[3] to the Magistrate Judge's Report and Recommendation that the stay be denied and that the petition be dismissed with prejudice.[4]  The Court, having reviewed *de novo* the petition, the motion, the record, the applicable law, the Magistrate Judge's Report and Recommendation, and the Jones's objections thereto, hereby approves the Magistrate Judge's recommendation as modified herein.

     Included in his motion for a stay, Jones submits the June 16, 2010 affidavit of Maria A. Courtney.[5]  According to Courtney,

---

     [1]   (R. Doc. 1.)

     [2]   (R. Doc. 21.)

     [3]   (R. Doc. 26.)

     [4]   (R. Doc. 24.)

     [5]   (R. Doc. 21 at 7-9.)

James Meche confessed to her that he – not Jones – was the person who killed the victim in this case. Courtney further states:

> A few weeks after Jeremy Jones was arrested for murder, I attempted to contact Jeremy Jones's attorney during one of Jeremy's pre trial motions. I saw the Assistant District Attorney and asked to speak to her because I wanted to tell her that Jeremy Jones was not at the same Club that I worked that night and that "he, (Jeremy Jones), did NOT kill any one, but that James Meche did"! She, (The ADA), told me that she was busy at the moment and would talk to me later. I gave her my business card and cell phone number and she gave me hers. I called her Office several times after that, but she never returned my calls.
>
> I was able and WILLING to testify during Jeremy Jones's trial, however I was NOT given the opportunity to do so by Jeremy Jones's attorney.[6]

Jones asks the Court to hold his federal habeas proceedings in abeyance so that he can have the opportunity to pursue his unexhausted claims in state court.

A federal court may not grant habeas relief unless the petitioner has exhausted all available state court remedies, including state habeas review. 28 U.S.C. § 2254(1)(1)(A). When a petitioner presents new evidence that fundamentally alters a claim presented in a state petition, that claim is barred from consideration by the reviewing federal court for lack of exhaustion. *See Smith v. Quarterman*, 515 F.3d 392, 400 (5th Cir. 2008) ("If the petitioner presents material evidentiary support for the first time in federal court, then he has not exhausted

---

[6] (*Id.* at 8.)

his state remedies."). In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court explained that, if presented with an application that contains both exhausted and unexhausted claims, a district court may stay and abate the federal proceeding to allow the defendant to return to state court to exhaust the necessary claims. *Id.* at 277. The stay allows the petitioner to return to federal court once the state court has adjudicated the unexhausted claims because it tolls AEDPA's one-year statute of limitations, which would otherwise likely bar federal relief following the state court's resolution of the unexhausted claims. *See id.* at 274-76; *see also* 28 U.S.C. § 2444(d)(2). *Rhines* explained, however, that a stay should only be granted "in limited circumstances." *Id.* at 277. "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts," it is only appropriate if the court finds the district court finds that there was good cause for the failure to exhaust the claim and that the claim is not plainly meritless.

The Court finds that this is not one of the "limited circumstances" in which a stay is warranted under *Rhines*. First, Jones has not established good cause for failing to provide the state courts with Courtney's affidavit. Jones was convicted on May 16, 2001. He sought post-conviction relief in state court on June 3, 2004, and an evidentiary hearing was held on April 24,

3

2008.  Jones's application was finally denied on June 6, 2008. Jones offers no explanation as to why he was unable to have Courtney swear out an affidavit during his lengthy state habeas proceedings.  Moreover, although Jones contends that his present claims are predicated on facts not previously known to him or his attorney,[7] Jones testified at his evidentiary hearing that he told Lambert to interview Courtney prior to the trial.[8]  Thus, Jones appears to have been aware that Courtney could provide exculpatory evidence but still failed to have her swear out an affidavit for over nine years after his conviction.

In addition, the Court finds that Jones's unexhausted claims lack merit.  The primary claim underlying Jones's motion for a stay appears to be that he is "factually innocent."[9]  Yet, the Supreme Court has been clear that, at least for non-capital cases, "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.  *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *id.* at 417 (assuming, "for the sake of argument, that *in a capital case* a truly persuasive demonstration of 'actual innocence' made after trial would render

---

[7]    (*Id.* at 4.)

[8]    (State R., Vol I of VII.)

[9]    (R. Doc. 21 at 2.)

the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim") (emphasis added).  Instead, actual innocence is only relevant to avoid procedural default of another, independent constitutional claim.  *Id.* at 404.  Put differently, it is a "gateway through which a habeas petition must pass to have [an] otherwise barred constitutional claim considered on the merits."  *Lucas v. Johnson*, 132 F.3d 1069, 1074 (5th Cir. 1998) (quoting *Herrera*, 506 U.S. at 404); *see also Schlup v. Delo*, 513 U.S. 298, 314-15 (1995) (distinguishing the novel constitutional claim based on actual innocence asserted in *Herrera* from a claim of actual innocence that can, in a "narrow class of cases," excuse procedural default).  To the degree Jones seeks a stay to pursue an independent constitutional claim of actual innocence in state court, a stay is not warranted because, even if that claim were exhausted, federal habeas relief would be unavailable.

Jones's motion also suggests that Courtney's affidavit supports his previously rejected claim of ineffective assistance of counsel based on the failure of his attorney, Adgia Lambert, to "investigate, prepare, and call material witnesses."[10]  Even considering Courtney's affidavit, however, Jones's claim is meritless.  While Courtney states that she "attempted to contact

---

[10]     (*Id.* at 4.)

Jeremy Jones's attorney during one of Jeremy's pre trial motions,"[11] Courtney does not claim to have actually informed Lambert about Meche's alleged confession.  Instead, Courtney claims to have informed only the Assistant District Attorney.  Moreover, contrary to Jones's assertion that Lambert failed to investigate material witnesses, Jones admitted at his April 24, 2008 evidentiary hearing that Lambert spoke with Courtney prior to trial.[12]  There is no indication in the record that Lambert failed to investigate Courtney as a potential witness or received any information from Courtney that should have been used at trial such that her performance could be considered deficient.  As such, the Court DENIES Jones's motion for a stay.

Furthermore, Rule 11 of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  RULES GOVERNING SECTION 2254 PROCEEDINGS, Rule 11(a).  A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); RULES GOVERNING SECTION 2254 PROCEEDINGS, Rule 11(a) (noting that § 2253(c)(2) supplies the controlling standard).  In *Miller-El v. Cockrell*, 537 U.S. 322 (2003), the Supreme Court held that the

---

[11]    (*Id.* at 8.)

[12]    (State R., Vol. I of VII.)

"controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Id.* at 336. With respect to claims denied on procedural grounds, the petitioner must make a two-part showing: (1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir.2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Here, Jones has not made a substantial showing of the denial of a constitutional right. The Magistrate Judge's Report and Recommendation clearly and correctly disposes of each of Jones's claims. First, Jones claims that his attorney prevented him from testifying at trial. While a criminal defendant has the right to take the witness stand and to testify in his or her own defense, *Rock v. Arkansas*, 483 U.S. 44, 49 (1987), Jones has failed to present any evidence to support his claim that he was denied the right to testify other than his own self-serving assertion, *see Underwood v. Clark*, 939 F.2d 473, 475-76 (7th Cir. 1991) ("[A] barebones assertion by a defendant, albeit made under oath, is

insufficient to require a hearing or other action on his claim that his right to testify in his own defense was denied him."); *Curtis v. Cain*, 2008 WL 482849, *8-9 (E.D. La. 2008) ("Standing alone, such self-serving statements cannot be allowed to succeed or the criminal judicial process would become unworkable.") (quoting *Turicos v. Dretke*, 2005 WL 3263918, *6 (S.D. Tex. 2005)).

Second, Jones claims that the state failed to disclose that one its witnesses, Gary "Kristen" Brewer, was under investigation for drug distribution and that the Brewer was offered a deal in exchange for his testimony against Jones in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). But Jones has made no showing that the prosecution or the police withheld evidence. A review of the record indicates that the police officers involved in the investigation learned of Brewer's involvement in the drug transactions only *after* Jones's trial had concluded. Thus, at the time of trial, the state was not in possession of information that was required to be disclosed under *Brady*. *See United States v. Rouse*, 410 F.3d 1005, 1010 (8th Cir. 2005) ("Any knowledge gained by the prosecution *after* the trial is irrelevant to a *Brady* claim.").

Finally, Jones claims ineffective assistance of counsel, but the state court's denial of this claim was not "contrary to, or involved an unreasonable application of, clearly established

8

Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).  As the Magistrate Judge sets out in detail, counsel's tactical decisions were adequately explained and should not be second-guessed based on hindsight.  Nor has Jones demonstrated that he was prejudiced by any deficiencies in his counsel's performance.  Jurists of reason would not find controversy in these determinations.

Accordingly,

Jones's petition for a writ of habeas corpus is DISMISSED WITH PREJUDICE.  The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this 17th day of December, 2010.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE